THE AMERICAN AGRICULTURAL CHEMICAL COMPANY

*vs.*

CYRUS F. SMALL.

Aroostook.       Opinion September 30, 1930.

*Herbert T. Powers,*
*Cook, Hutchinson, Pierce & Connell,* for plaintiff.
*Cyrus F. Small,* for defendant.

SITTING: DUNN, STURGIS, BARNES, FARRINGTON, JJ.
PHILBROOK, A. R. J.

STURGIS, J.    This action of trover to recover the value of a potato warehouse built on leased land and personal property was

heard at *Nisi Prius* by a single Justice, without a jury but with right of exceptions reserved. The case comes forward on exceptions to the admission of evidence and to judgment for the defendant.

February 7, 1929, Isaie L. Cyr of Madawaska gave the plaintiff Company a chattel mortgage for $17,360.16 on his potato houses in Van Buren and Frenchville. May 9, 1929, following, Mr. Cyr made a common law Assignment to the defendant for the benefit of his creditors. The Chemical Company, with other creditors, became a party to the Assignment.

Claiming that the plaintiff released its mortgage of February 7, 1929, by becoming a party to the Assignment, the defendant, as assignee, sold the Frenchville potato house and has on deposit, as proceeds of the sale, $7,240.35. The plaintiff denies the release of its rights under its mortgage and seeks damages for the conversion of the house.

Under the Fourth Paragraph of *Item Twenty-four* setting out the uses and purposes of the Assignment appears the following agreement and proviso, and upon its interpretation depends the rights of the parties in this action:

"And said parties of the third part do hereby severally and respectively agree to accept and take in full payment, satisfaction, and discharge, (excepting as hereinafter provided), all and singular their debts, claims, demands and causes of action against said party of the first part, which are provable against the estates of insolvent debtors under the laws of said State existing at the date hereof, whether payable now or at some future time, the dividends which shall be payable to said parties of the third part, respectively, under the provisions of this agreement. And said parties of the third part do hereby severally and respectively, each and every one of them, release, acquit, and forever discharge said party of the first part from all such claims, debts, and demands, excepting as hereinafter provided viz:  *  *  *

And provided, further, that no party of the third part holding security shall or does hereby release or impair, or in any

manner affect his right to such security; but if the security is applicable under the insolvency laws, or the bankruptcy laws to the payment of the debt or claim by it secured, the creditor or creditors who are or shall become parties to this agreement, holding such security, shall receive and be entitled to dividends on only so much of the claim or debt as remains after deducting from it the amount received from a sale of such security, or such sale and the time thereof, and the place of sale, such creditor or creditors holding such security shall give the party of the second part a notice of at least thirty days before the same."

In construing Assignments for the benefit of creditors, the courts are guided by the same general rules which govern the construction of other written instruments. The one guiding principle is the intent of the parties and, whenever from an examination of the writing itself the intent with which it was executed can be clearly ascertained, that intent is to govern. If the language of the Assignment is susceptible of more than one meaning, it is always allowable to take into consideration the situation of the parties and the circumstances under which the writing was made in order to ascertain its true meaning, but this rule is applicable only to Assignments in which the language is fairly susceptible of more than one interpretation. It is not intended to enable the parties to make a new contract, and it is not applicable to an assignment free from ambiguity and the meaning clear. The rule of *Snow* v. *Pressey*, 85 Me., 408, and *Bar Harbor and Union River Power Company* v. *Foundation Company*, 129 Me., 81, applies.

The application of this rule leaves the rights of the parties to this action dependent upon the language used in the Assignment. It can not include a consideration of extrinsic facts and circumstances of a date prior to the execution of the instrument. We find no ambiguity in the provision that "no party of the third part holding security shall or does hereby release or impair, or in any manner affect his right to such security; but if the security is applicable under the insolvency laws, or the bankruptcy laws to the payment of the debt or claim by it secured, the creditor or creditors

who are or shall become parties to this agreement, holding such security, shall receive and be entitled to dividends on only so much of the claim or debt as remains after deducting from it the amount received from a sale of such security, etc." Nor does a reference to other parts of the instrument bring doubt as to the intended meaning of this language. The contract of the assignor with the defendant and those creditors who assented, including this plaintiff, as evidenced by the written instrument which they executed, preserves the security of its mortgage to the Chemical Company.

The defendant seeks to read into this Assignment an intention on the part of the plaintiff Company and other parties to the instrument that the provision "that no party of the third part holding security shall or does hereby release or impair or in any manner affect his right to such security, etc." should be of no effect as to the plaintiff, but it should become an unsecured creditor by joining the Assignment and take its dividend as such. That intention is not disclosed by the Assignment itself. It can only be found, if at all, in parol evidence of facts and circumstances, prior to or contemporaneous with the execution of the Assignment by the plaintiff Company, tending to prove that the parties meant something else than the agreement which they committed to writing. If the testimony of the single witness in the case, John B. Pelletier, attorney for the assignor, can be construed to disclose such an intention, of which we are not convinced, to permit the written Assignment to be modified thereby as demanded by the defendant would be a clear violation of the parol evidence rule.

An assignee for the benefit of creditors at common law, succeeds only to such title as the assignor had, with no higher or better rights, and his title, right or interest is subject to all liens and encumbrances upon the property which might have been enforced against it in the hands of the assignor. *State* v. *Patten*, 49 Me., 383; *Rowell* v. *Lewis*, 95 Me., 83; 5 C. J., 1189. A sale by a mortgagor, without the consent of the mortgagee, of the entire property in chattels encumbered by the lien of a mortgage, accompanied by the delivery to the purchaser, is a conversion by the mortgagor. *Dean* v. *Cushman*, 95 Me., 454; *McLarren* v. *Brewer*, 51 Me., 402, 405. It is not less so when made by the common law assignee of the

mortgagor, under an Assignment preserving the lien and security of the mortgage, as in the case at bar.

Against objection by the plaintiff that the parol evidence rule was violated, the witness, Pelletier, was permitted to testify that the officers of the plaintiff Company were informed that Mr. Cyr, the assignor, proposed to file a Petition in Bankruptcy, and would do so if the Fort Kent Trust Company, one of his secured creditors, did not become a party to the Assignment. The purpose for which this testimony was offered was not stated. Counsel for the defendant argues on the brief that assent to the Assignment in the face of this threat of bankruptcy is a basis for inference that the plaintiff Corporation intended to waive its security. If this evidence was admitted for this purpose, its only effect would be to vary the plain terms of the written instrument, and its admission was error.

Being convinced also that judgment for the defendant was an error of law, the entry must be

*Exceptions sustained.*